## VERDEJO *v*. SUCCESSORS OF OLIVA & CO.

### APPEAL from the District Court of San Juan.

No. 729.—Decided March 8, 1912.

DAMAGES—ATTACHMENT—EFFECTIVENESS OF JUDGMENT—INTERVENOR.—The law in regard to securing the effectiveness of judgments has no application to the case at bar as a ground for recovering the damages claimed, because this action is brought by a third person who intervened in the suit wherein the attachment was levied and not by the defendants in the original suit, wherefore the provisions of section 1803 of the Civil Code are applicable and this requires that some fault or negligence must be alleged and proven in order that the action may prosper.

ID.—VALUE OF PROPERTY ATTACHED—PROOFS.—In order that damages may be allowed for the deterioration or depreciation of properties attached proof must be produced showing fault or negligence on the part of the defendants, and in order to arrive at the amount of the damages the plaintiffs should show by proper proof the value of the property at the time when the attachment was levied, and the value thereof when the attachment was dissolved.

ID.—ATTACHED PROPERTY—DUTIES OF OWNER.—Where a third person intervenes in an action claiming the ownership of the property attached and his claim is allowed by the court it is his duty to take immediate possession of said property and to do everything in his power to avoid the continuance of the damages which he may suffer by the attachment, and, failing to do this, he cannot hold the party obtaining the attachment responsible for the entire value of the property.

The facts are stated in the opinion.

*Mr. José E. Benedicto* for appellants.

*Mr. Manuel F. Rossy* for respondent.

MR. JUSTICE MacLEARY delivered the opinion of the court.

This is a suit for damages brought by Mariano Verdejo against the Successors of Oliva & Co. in the District Court of San Juan, claiming six hundred dollars ($600) damages because the same defendants had attached as the property of Lucas Plaza and others a shed situated on Cerra Street in Santurce, the said Verdejo claiming to be the owner of the shed and having been so declared by a judgment of the Municipal Court of San Juan on September 14, 1909, in a suit between the same parties.

The District Court of San Juan, in the first section, on May 8, 1911, rendered a judgment in favor of the plaintiff for two hundred dollars ($200) damages, without costs to either party. The attachment in this case was levied on the 16th day of September, 1908, and it appears that on the same day the defendants in the attachment suit sold their interest in the shed to Mariano Verdejo and he thereupon intervened in the municipal court, and it was in this proceeding that judgment was rendered establishing his ownership. The District Court of San Juan based its judgment for damages in favor of Verdejo on the fact that the municipal court had found him to be the owner of the said shed and that the defendant firm, the Successors of Oliva & Co., had caused him damages by negligently attaching and holding said property for a year and finally abandoning the same. The judgment in the municipal court establishing the ownership in due time became final, there having been no appeal therefrom.

There was some conflict of evidence on the question of ownership and the appellant in this case attempted to show that Verdejo's purchase was subsequent to the levying of the attachment and it was also intimated that the sale from Plaza and others to Verdejo was a fraudulent one. However, we must accept the ownership as *res adjudicata*, the judgment

of the municipal court establishing the same being final and not appealed from.

It appears from the evidence that after the levying of the attachment the shed was in the possession of the court and by it placed in the hands of Daniel Ramos as depositary. After the judgment of the municipal court establishing the ownership and quashing the attachment it does not appear that either party to this suit took possession of the property or exercised any ownership or control over the same. The plaintiff, Verdejo, in his complaint, especially disclaimed any desire or willingness to take possession of the shed, alleging that it was completely destroyed on account of having been abandoned by the defendants, the Successors of Oliva & Co. On the other hand Oliva & Co. in their answer replied that Verdejo on the termination of the suit establishing his claim to the property could have taken immediate possession of the shed and should have done so; and that instead of so doing he refused to take possession of the same without any just cause, leaving it completely abandoned.

The evidence shows the building, such as it was, to have been a mere skeleton, having a floor but no roof, except some palm branches, and that its walls were of cloth or composed of awning, and that it was exposed to the weather and the timbers became rotten to such an extent that the building ceased to be valuable as such. However, the wood was certainly worth something for fuel, if for nothing else.

It is not alleged in the complaint, nor is it stated in the judgment, nor is it proven by the evidence that when the Successors of Oliva & Co. caused the attachment to be levied upon the building they knew that it did not belong to the defendants, Plaza and others, but had been bought by Verdejo, nor is it important whether they knew this or not except as concerns the question of exemplary or punitory damages which are not claimed in this case.

With respect to the amount of the damages the proof merely shows that the property attached was worth, on the

day of the levy, from $400 to $450, and one of the witnesses, Cárdenas, testified that on the day of the trial—that is to say, May 8, 1911—the shed was merely firewood and was totally useless. In no part of the record is it shown that upon the trial, in the year 1909, the shed had been destroyed or was unserviceable; nor is there any evidence to show the amount of the deterioration or depreciation which it suffered during the year while the attachment subsisted, nor is there any evidence apparent from the record that established the sum of $200 as the specific amount of the damages which were suffered by the plaintiff.

The right to recover damages in this case does not arise under the law for giving effectiveness to judgments, because such damages are not claimed by the defendants in the original suit, Plaza and others, whose property was attached. But this action is brought by a third person, who intervened in the said suit and established his claim to the property attached. The law in regard to the effectiveness of judgments has no application to such a case as this, which falls under section 1803 of the Civil Code, which requires, to establish liability, that there has been some fault or negligence on the part of the defendants. But in this case at bar it is not alleged that the defendants were guilty of either any fault or any negligence. Hence, the action for damages cannot be maintained, even admitting that Verdejo was the owner of the property attached at the time of the levy and that the ownership was established in him by a judgment in the municipal court.

Even had there been an allegation in the complaint and proof adduced on the trial showing fault or negligence on the part of the defendants, the record does not show any proof of the amount of the damages suffered by the plaintiff. The defendants in this case, in a proper proceeding, might possibly be held liable to the plaintiff for any deterioration or depreciation in value of the building attached, provided the same occurred through their fault during the year in which

the attachment subsisted; but to arrive at the amount, the plaintiff should show by proper proof the value of the building at the date of the attachment and the value of the material either for firewood, lumber or in any other shape in which it might be found at the date when the attachment was quashed and the property returned to him or left subject to his claim and order.

Moreover, it was the duty of Verdejo when he had succeeded in establishing his right to the building and the court had awarded it to him to take possession of the same, no matter in what condition he found it, and to make all the money he could out of it, by sale or otherwise, and thus to minimize the damages which he had suffered by the attachment. Failing to do this, he cannot hold the defendants, the Successors of Oliva & Co., responsible for the entire value of the building. But it is useless to speculate on this point of the question, since he did not take this course and no such evidence was introduced on the trial.

There being no proof of the amount of the damages which the plaintiff has really suffered during the year in which he was deprived of the possession of the property, the liability of the defendants is not established and no judgment should have been rendered against them. The judgment of the district court should be accordingly reversed and judgment should have been rendered by this court in favor of the defendants, who were the appellants, that they be discharged from all liability and recover all costs in this proceeding expended.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro, and Aldrey concurred.